# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LAWRENCE SHEPPARD,
    *Plaintiff*,

v.

ROBERTS, *et al.*,
    *Defendants*.

No. 3:20-cv-00875 (VAB)

## RULING AND ORDER ON MOTION TO DISMISS

Lawrence Sheppard ("Plaintiff"), formerly incarcerated and proceeding *pro se*, has filed a Complaint under 42 U.S.C. § 1983 against Intelligence Officer Roberts, Lieutenant and Intelligence Officer Randolph, Lieutenant and Disciplinary Hearing Officer Eberle, Captain and Security Risk Group ("SRG") Coordinator Papoosha, District Administrator Martin, Director of Security Santiago, and Commissioner Cook (collectively, "Defendants"), alleging that his designation as a Security Risk Group member violated his rights under federal and state law. Am. Compl., ECF No. 11 (Aug. 13, 2020).

The Court dismissed many of the state law claims in an Initial Review Order but did not address the state law negligence claims. *See* Initial Review Order and Order on Mot. to Appoint Counsel, ECF No. 12 (Oct. 16, 2020) ("IRO"). Defendants now move to dismiss the state law negligence claims as well as Mr. Sheppard's request for compensatory damages. Defs.' Mot. to Dismiss, ECF No. 25 (Jan. 15, 2021) ("Defs.' Mot."); Defs.' Mem. in Supp. of Their Mot. to Dismiss, ECF No. 25-1 (Jan. 15, 2021) ("Defs.' Mem.").

For the following reasons, the motion to dismiss will be **GRANTED in part** and **DENIED in part**.

The case will proceed on Mr. Sheppard's claims for compensatory damages and punitive

damages regarding his federal substantive and procedural due process claims, and on any state-law claim for intentional infliction of emotional distress.

BACKGROUND[1]

On August 13, 2020, Mr. Sheppard filed an Amended Complaint, setting forth claims for violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as related state constitutional claims and claims of negligence and intentional infliction of emotional distress. Am. Compl. ¶¶ 28-34; *see* IRO at 6.

On October 16, 2020, on initial review, the Court dismissed the First and Eighth Amendment claims, the Fourteenth Amendment equal protection claim, the request for injunctive relief, and the request for damages from the defendants in their official capacities. *See* IRO. The Court also declined to exercise supplemental jurisdiction over the state constitutional claims. *See id.* at 22-24. The Court permitted the case to proceed on Mr. Sheppard's Fourteenth Amendment substantive and procedural due process claims and his state tort claims for negligence and intentional infliction of emotional distress against Defendants for damages in their individual capacities. *Id.* at 25-26.

On January 15, 2021, Defendants moved to dismiss the case. *See* Defs.' Mot.; Defs.' Mem.

On February 3, 2021, Mr. Sheppard opposed the motion to dismiss. Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 27 (Feb. 3, 2021).

---

[1] The motion to dismiss focuses on the viability of Mr. Sheppard's request for compensatory damages and the defendants' immunity from suit for negligence. The Court therefore recounts only the procedural background rather than the underlying facts, which are set forth in the Initial Review Order. *See* IRO at 2-3.

## II. STANDARD OF REVIEW

To withstand a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement"; instead, the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* "[L]egal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* Instead, "[t]o state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (second alteration in original) (quoting *Twombly*, 550 U.S. at 555). When reviewing a motion to dismiss, the court must "draw[] all reasonable inferences in the [non-movant]'s favor." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

## III. DISCUSSION

Defendants now move to dismiss all negligence claims as barred by section 4-165 of the Connecticut General Statutes, and the request for compensatory damages as barred by the Prison Litigation Reform Act ("PLRA"). *See* Defs.' Mem.

The Court will address each claim in turn.

### A. Negligence

Mr. Sheppard alleges that Defendants' actions or omissions constitute the state torts of

negligence and infliction of emotional distress.[2] Am. Compl. ¶ 34. His Amended Complaint, however, does not specify whether his claim is for negligent or intentional infliction of emotional distress. *Id.* Construing Mr. Sheppard's allegations to raise the strongest arguments they suggest, as required, *see Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments they suggest"), the Court assumed on initial review that it was a claim for intentional infliction of emotional distress and let the claim survive. *See* IRO at 26.

Defendants, however, argue in their motion to dismiss that Mr. Sheppard asserts a claim for negligent infliction of emotional distress, and that any such claims for negligence and negligent infliction of emotional distress are statutorily barred. *See* Defs.' Mem. at 2.

Connecticut General Statutes section 4-165 bars negligence claims against state employees acting within the scope of their employment. *See* Conn. Gen. Stat. § 4-165(a) ("No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment."); *see also Miller v. Egan*, 265 Conn. 301, 319 (2003) (state employees are not "personally liable for their negligent actions performed within the scope of their employment"). Moreover, "[a]s interpreted by Connecticut courts, 'wanton, reckless or malicious' conduct requires 'a state of consciousness' and 'is more than negligence, more than gross negligence,'" *Morgan v. Semple*, No. 3:16-cv-00225 (VAB), 2020 WL 2198117, at *22 (D. Conn. May 6, 2020) (quoting *Martin v. Brady*, 261 Conn. 372, 379 (2002)), and the statute therefore "cannot act as a statutory exception for a negligence claim," *id.*

---

[2] "The actions of all Defendants or failure to act constitutes the [t]ort of [n]egligence, and subjected and continues to subject the plaintiff to psyc[h]ological and emotional harm constituting the tort of infliction of emotional distress violating the State of Connecticut tort laws." Am. Compl. ¶ 34.

4

Mr. Sheppard challenges the actions of Defendants taken as correctional officers performing their assigned duties. *See, e.g.*, Am. Compl. ¶ 11 ("All Defendants acted and continue[] to act under the color of state law . . . ."). The negligence claim against Defendants in their individual capacities therefore is barred by state law. *See Miller*, 265 Conn. at 319 (state employees not "personally liable for their negligent actions performed within the scope of their employment"); *Morgan*, 2020 WL 2198117, at *20 ("[N]egligence claims against state officials are also barred by section 4-165 of the Connecticut General Statutes."). Any claim for negligent infliction of emotional distress also would be barred by section 4-165. *See id.* at *22 ("Because [Plaintiff]'s negligent infliction of emotional distress claim is a negligence claim, one not permitted against state officials under Connecticut law, this claim fails.").

Defendants' motion to dismiss, however, does not address Mr. Sheppard's potential claim of intentional infliction of emotional distress. This claim therefore remains pending and will not be dismissed.

### B. Compensatory Damages

Defendants argue that the PLRA bars Mr. Sheppard's claims for compensatory damages. *See* Defs.' Mem. at 4-5.

The Court agrees, in part.

The PLRA precludes an award of damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In the Second Circuit, while "claims for compensatory damages under the PLRA . . . are generally barred unless a plaintiff also alleges physical injury," *Walker v. City of New York*, 367 F. Supp. 3d 39, 65 (S.D.N.Y. 2019), courts within the Circuit also "have concluded that a physical injury is not required for a prisoner to recover compensatory damages for the loss of a constitutional liberty

interest," *Rosado v. Herard*, No. 12 Civ. 8943 (PGG), 2014 WL 1303513, at *13 (S.D.N.Y. Mar. 25, 2014); *see Walker*, 367 F. Supp. 3d at 65.

As a result, courts within this Circuit routinely permit "compensatory damages in the absence of physical injury for loss of a constitutional liberty interest." *Walker*, 367 F. Supp. 3d at 65 (quoting *Rosado*, 2014 WL 1303513, at *13); *see Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004)). These permissible claims for which compensatory damages are recoverable absent a physical injury generally arise under the First Amendment. *See, e.g., Walker*, 367 F. Supp. 3d at 65 (citing *Lipton v. Cty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 457-58 (S.D.N.Y. 2004) (exception to preclusion of compensatory damages applies to claims for First Amendment violations)); *Malik v. City of New York*, No. 11 Civ. 6062 (PAC) (FM), 2012 WL 3345317, at *17 (S.D.N.Y. Aug. 15, 2012), *report and recommendation adopted*, 2012 WL 4475156 (Sept. 28, 2012) (physical injury not required for compensatory damages on a retaliation claim).

Courts are split where the constitutional liberty interest is a due process claim. *Compare, e.g.*, *Walker*, 367 F. Supp. 3d at 65 (declining to apply the exception to substantive due process claims by a pretrial detainee); *Rivera v. Wohlrab*, No. 99 Civ. 9881 (VM), 2000 WL 1300403, at *1 (S.D.N.Y. Sept. 14, 2000) (declining to apply the exception to procedural due process claims); *with Mendez v. Amato*, No. 9:12-CV-560 (TJM/CFH), 2013 WL 5236564, at *20 (N.D.N.Y. Sept. 17, 2013) ("The Second Circuit has determined that intangibles can serve as a basis for recovery. . . . The claims surviving defendants' motion involve the loss of such intangibles as liberty through lack of due process and equal protection. Such claims represent those which fall outside of the physical harm requirement of the PLRA." (citing *Kerman*, 374 F.3d at 125-26)); *Santana v. City of New York*, No. 15 Civ. 6715 (ER), 2018 WL 1633563, at *6 (S.D.N.Y. Mar. 29, 2018) ("As relevant to his due process claim, 'even absent physical injury,

6

[Plaintiff] may still recover compensatory damages for the loss of a constitutional liberty interest.'" (alteration in original)). Indeed, in *Kerman*, where the plaintiff was detained by police for several hours at a psychiatric facility, the court held that "[t]he damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering," and concluded that "even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty." 374 F.3d at 125-26.

Mr. Sheppard's remaining claims are for violation of his right to substantive and procedural due process in connection with his designation as a security risk group member. *See* Am. Compl. Mr. Sheppard contends that he has been subjected to more restrictive conditions of confinement as a result of the designation. *See id.* At this stage of the proceedings, the Court concludes that Mr. Sheppard is not prohibited, as a matter of law, from seeking an award of compensatory damages for the loss of liberty as a result of the denial of due process. *See, e.g.*, *Mendez*, 2013 WL 5236564, at *20; *Santana*, 2018 WL 1633563, at *6.

Accordingly, Defendants' motion is granted as to the request for compensatory damages for emotional injuries, but is denied as to the request for compensatory damages based on the violation of Mr. Sheppard's constitutional liberty interest. The request for punitive damages also will survive. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (section 1997e(e) does not restrict plaintiff's ability to recover punitive damages).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**.

The case will proceed on Mr. Sheppard's claims for compensatory damages and punitive

7

damages regarding his federal substantive and procedural due process claims, and on any state law claim for intentional infliction of emotional distress.

**SO ORDERED** this 16th day of July, 2021, at Bridgeport, Connecticut.

                                       /s/ Victor A. Bolden
                                      VICTOR A. BOLDEN
                                      UNITED STATES DISTRICT JUDGE